UNITED STATES CAS. INS. CO. v.

GILMORE.

COMMUNITY TRACTION CO v.

GILMORE et.

Ohio Appeals, 6th Dist., Lucas Co.

Nos. 2028 and 1771.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**714. LIABILITY INSURANCE—677. Judgments and Decrees—27. Actions.**

1. Section 9510-4 GC., authorizes judgment creditor, where defendant holds liability insurance, if judgment is not satisfied within 30 days after its rendition, to bring action against defendant and insurance company to reach and apply insurance money to satisfaction of judgment.

2. Proceedings in error to reverse judgment, do not render it any less final.

3. Judgment being reversed, it deprives plaintiff of right to sustain judgment secured against Casualty Company.

Error to Common Pleas.

Judgment reversed.

Denman, Miller & Wall, Toledo, for United States Gas. Co. et.

Tracy, Chapman & Welles, Toledo, for Community Tract. Co.

James H. Boyd, Toledo, for Katherine Gilmore.

## STATEMENT OF FACTS.

In case No. 2028 the original action was brought by Katherine Gilmore to recover on a liability insurance policy issued to Anna Sibley. The trial resulted in a judgment in favor of plaintiff for $1228.50. That action was brought under Section 9510-4 of the General Code, authorizing a judgment creditor, where the defendant holds liability insurance, if the judgment is not satisfied within thirty days after its rendition, to bring an action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

In case No. 1771, the original action was brought by Katherine Gilmore against The Community Traction Company and Anna Sibley to recover damages in favor of the plaintiff for $2,000 against both defendants. Error was prosecuted to this court by The Community Traction Co. In that case Anna Sibley, who is a defendant in error, duly filed a cross petition in error, within seventy days, asking a reversal of the judgment as to her, but her cross petition was not attached to the record nor did this court have knowledge of its existence when the former decision was rendered on the case made by the petition in error of The Community Traction Company.

On Nov. 22, 1926, this court, in Volume 31 Court of Appeals Opinions, Sixth District, unreported, pg. 350, finding error in the record prejudicial to The Community Traction Co. in the charge of the court and in the admission of evidence, reversed the judgment and remanded the cause for a new trial.

RICHARDS, J.

"It is contended on behalf of the Casualty Company that the judgment rendered against Anna Sibley in the Common Pleas Court was not a final judgment within the meaning of Section 9510-4 GC. We cannot assent to that contention. The fact that proceedings in error have been pending to reverse the judgment does not render it any the less final, the proceedings in error being a new action. The statute authorizes the bringing of an action against the indemnity company if the judgment is not satisfied within 30 days after its rendition, while proceedings in error could be borught to reverse the judgment at any time within 70 days after its rendition.

We have re-examined the record in that case. We find that the same errors which were heretofore found to be prejudicial as against The Community Traction Co. are also prejudicial as against the cross petitioner in error, Anna Sibley, and for that reason the original judgment of $2,000 rendered aaginst her should be reversed and the cause remanded for a new trial as to her.

So far as the right of Katherine Gilmore to maintain an action against the Casualty Company is concerned, it is not important whether the judgment rendered in her favor against Anna Sibley was reversed on Nov. 22, 1926, or is now reversed, for in either event, the judgment being reversed, it deprives Katherine Gilmore of the right to sustain the judgment which she has secured against The United States Casualty Insurance Co.

For the reasons given, the judgment rendered against Anna Sibley will be reversed on the cross petition filed by her and the cause remanded for a new trial as to her, and the judgment rendered against The United States Casulty Insurance Co. will be reversed and remanded with directions to the trial court to dismiss the petition."

(Williams & Lloyd, JJ., concur.)